## R. P. BROWN & CO. et al. v. GLOVER GROCERY CO. et al.

(Circuit Court of Appeals, Fifth Circuit.   February 21, 1923.)

No. 3993.

1. **Bankruptcy ⬦⟹54—Decree for improvements on property conveyed to wife is not asset as respects solvency.**

Where one of the alleged bankrupts had conveyed certain land and personal property to his wife, the deed reciting the grantee's knowledge of pending proceedings by another to recover an interest in the land, a decree subsequently rendered in the proceedings referred to for the value of permanent improvements placed on that interest, as permitted by Civ. Code Ga. 1910, § 5587 et seq., inured to the benefit of the grantee, so that it could not be considered as an asset of the grantor in determining his solvency.

2. **Bankruptcy ⬦⟹58—Sale on agreement to pay salesman held not cash transaction.**

An order by the alleged bankrupts to a traveling salesman for merchandise, with the understanding they would be paid for when the traveling salesman came around again, was not a cash transaction, since it was contemplated that the goods would become the property of the purchasers before the price of them was to be paid, and that the relation of creditor and debtor would arise, and therefore the payment for such goods while insolvent was an act of bankruptcy.

In Error to the District Court of the United States for the Southern District of Georgia; Samuel H. Sibley, Judge.

Involuntary proceeding in bankruptcy by the Glover Grocery Company and others against R. P. Brown & Co., a partnership, and the individuals composing it, in which the alleged bankrupts put in issue the allegations of insolvency and of the commission of acts of bankruptcy, and demanded a trial by jury. Judgment for petitioners, and the alleged bankrupts bring error. Affirmed.

Etheridge Cutts, of Fitzgerald, Ga., for plaintiffs in error.

Walter A. Harris, of Macon, Ga., and J. Lewis Ellis, of Americus, Ga. (Harris, Harris & Witman, of Macon, Ga., and J. Lewis Ellis, of Americus, Ga., on the brief), for defendants in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. Upon involuntary proceedings in bankruptcy being instituted against the plaintiffs in error R. P. Brown & Co., a partnership, and R. P. Brown and J. D. A. Smith, the individuals composing the partnership, the alleged bankrupts denied that they were subject to be proceeded against in bankruptcy, alleging that they were engaged principally in farming and the tillage of the soil, put in issue the allegations of insolvency and of the commission of acts of bankruptcy, and demanded a trial by jury.

At the conclusion of the evidence adduced on the issues raised, the court ruled that the individuals proceeded against were not persons engaged chiefly in farming or the tillage of the soil, and were subject to be adjudged involuntary bankrupts. That ruling was excepted to. We think that the ruling was warranted by evidence adduced, and that

⬦⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the court did not err in making that ruling. The evidence was not such as to require the conclusion that farming or the tillage of the soil was the chief occupation of the parties proceeded against, who carried on a considerable mercantile business. Collier on Bankruptcy (12th Ed.) 150.

[1] One of the alleged acts of bankruptcy was the conveyance by warranty deed executed by Brown, within four months preceding the filing of the petition, of described land and personal property to his wife. That deed contained the following recital:

"This conveyance is made to the grantee with full knowledge on the part of the grantee that there is pending in Telfair Superior Court an equitable petition on the part of Mrs. Anne Wilcox against this grantor seeking to recover a one-fourth undivided interest in the real estate herein described, and a one-fourth interest in the lands and profits or mesne profits thereof; but which suit I am defending and will continue to defend with the utmost confidence in the honesty and validity of my title to the same."

The alleged bankrupts put in evidence an authenticated copy of the record of proceedings, after the filing of the bankruptcy petition, in the suit mentioned in that recital. Those proceedings included the following question submitted and answer made by the jury therein:

"If you find that Mrs. Wilcox, plaintiff, is entitled to recover, do you find that she should pay R. P. Brown any sum on account of permanent improvements made on the place by him? If so, state the amount. Answer: $2,900.75."

It was disclosed that no decree based on that verdict had been rendered at the time of the certification of the record, and that both parties to the suit had filed motions for a new trial. The court ruled that that verdict could not be considered as evidence of assets on the solvency issue. That ruling was excepted to. Whether the deed made by Brown to his wife was or was not voidable at the instance of his creditors, it was valid as between the parties thereto, and, as between them, an effect of it was to vest in the grantee all rights of the grantor in the land conveyed or the improvements thereon. The right given by the Georgia statute (Civil Code of Georgia, § 5587 et seq.) to set off the value of permanent improvements against a demand for mesne profits is one which inures to the successor in title of the person by whom such improvements were made while the latter was in adverse possession. Mills v. Geer, 111 Ga. 275, 36 S. E. 673, 52 L. R. A. 934. Brown's grantee under a warranty deed would have been entitled to the benefit of a decree or judgment entered in pursuance of the above set out verdict. In the circumstances disclosed that verdict was not evidence of the existence of an asset in which Brown had any beneficial interest. The court did not err in ruling to that effect.

[2] One of the alleged acts of bankruptcy was the payment by R. P. Brown & Co., while insolvent and within four months preceding the filing of the petition, of the sum of $72.07 to a named creditor, with intent to prefer said creditor. Evidence as to that transaction was to the following effect: Brown, for his firm, gave an order for groceries to a traveling salesman, with the understanding that they would be paid for when the traveling salesman came around again. Part of the groceries ordered were shipped from Cordele, Ga., on January 13, and the

remainder on January 24, and the bill therefor, amounting to $72.07, was paid on February 7. The court charged the jury that that was a credit transaction, not a cash transaction. That instruction was not erroneous. Payment for the goods at the time of the receipt of them by the purchasers was not contemplated. On the contrary, it was contemplated that the goods would become the property of the purchasers before the price of them was to be paid. It was understood that the relation of creditor and debtor would arise. The contention that the payment was too trivial in amount to be regarded as a preference was not raised in the trial court. As compared with the value of the assets which were left, it seems the amount so paid was not an unsubstantial one.

The record shows no reversible error. The judgment is affirmed.